**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1566
_____

JULIE BEBERMAN,
                    Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF STATE

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 1:20-cv-1)
District Court Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 10, 2021
_____

BEFORE: McKEE, RESTREPO and SMITH, *Circuit Judges*

(Filed: March 8, 2022)

_____

OPINION*
_____


RESTREPO, *Circuit Judge*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

*Pro se* appellant Julie Beberman appeals the District Court's grant of summary judgment for the Secretary of State in this dispute over her right to per diem after she was designated for separation from the Foreign Service. We will affirm.

## I. Facts and Procedural History

Beberman was a Foreign Service Officer assigned to Embassy Malabo in Equatorial Guinea when she was notified that she had been denied tenure and would be separated from the Service at the end of her appointment. Beberman requested and received temporary interim relief, which allowed her to remain employed while the Foreign Service Grievance Board ("Board") considered grievances she had filed regarding her employment and separation. Beberman's Separation Order, issued March 2016, required her to leave Malabo and travel to Washington, D.C.

The U.S. Department of State's Standard Operating Procedure ("SOP") D-01 governs the terms of employment for people like Beberman, employees that have been granted interim relief from separation pending the outcome of grievances they filed with the Department. SOP D-01 mandates these employees to return to Washington, D.C. and work in "domestic assignment[s]" until their grievances are decided. SOP D-01 dictates that employees in Beberman's position are not eligible for locality pay, per diem, or a home service transfer allowance.

Beberman began working in Washington, D.C. in April 2016, but was never formally assigned to that location. In October 2016, the Department revised SOP D-01 to permanently assign employees like Beberman to Washington, D.C., which entitled her to locality pay and other benefits. Accordingly, Beberman was issued a retroactive

2

assignment to Washington, D.C. and was paid locality pay for the time period of April to November 2016.

In March 2019, Beberman filed another grievance with the State Department claiming that she had in effect been assigned to temporary duty ("TDY") in Washington, D.C. before SOP D-01 was revised to make her assignment permanent.[1]  She claimed that, because Foreign Service members on TDY are entitled to per diem, the State Department owed her per diem costs for the time period of April to November 2016.[2]   The State Department denied the grievance and she appealed to the Board.  After the State Department filed its response, Beberman requested that she be allowed to conduct discovery.  The Board denied her discovery request and, approximately two months later, denied her grievance, finding that she was not temporarily detailed to Washington, D.C. and therefore not entitled to per diem.

---

[1] By our count, this is at least the twelfth federal lawsuit filed by Beberman relating to her employment at the State Department. *See, e.g.*, *Beberman v. U.S. Dep't of State*, No. 1:14-cv-00020 (D.V.I. May 09, 2014); *Beberman v. USA*, No. 1:16-cv-01006 (Fed. Cl. Aug. 15, 2016)*; Beberman v. U.S. Dep't of State*, No. 1:16-cv-00063 (D.V.I. Sept. 19, 2016)*; Beberman v. Kerry*, No. 1:16-cv-02361; (D.D.C. Dec. 02, 2016)*; Beberman v. USA*, No. 1:17-cv-00179 (Fed. Cl. Feb. 06, 2017)*; Beberman v. Sec'y of State Tillerson*, No. 1:17-cv-00048 (D.V.I. Oct. 16, 2017)*; Beberman v. Tillerson*, No. 1:17-cv-00061 (D.V.I. Dec. 28, 2017)*; Beberman v. U.S. Dep't of State*, No. 1:19-cv-3115 (D.D.C. Oct. 15, 2019)*; Beberman v. Sec'y of State Pompeo*, No. 1:20-cv-00001 (D.V.I. Jan. 02, 2020)*; Beberman v. Pompeo*, No. 1:20-cv-00873 (D.D.C. Mar. 30. 2020)*; Beberman v. Pompeo*, No. CV 20-01, 2021 WL 237691 (D.V.I. Jan. 25, 2021)*; Beberman v. Pompeo*, No. 1:22-cv-00144 (D.D.C. Jan. 05, 2022).

[2] Beberman acknowledges that, if she is successful in persuading this Court that she was on TDY from April until November 2016, she will have to return any locality pay she received for that time period due to the revision of SOP D-01.

Beberman filed a Petition for Review with the District Court of the Virgin Islands pursuant to 22 U.S.C. § 4140. After examining the Board's decision under the standards provided by the Administrative Procedure Act (APA), *see* 22 U.S.C. § 4140(a) (incorporating 5 U.S.C. § 706), the District Court affirmed the Board's findings and granted summary judgment for the Secretary of State. Beberman appealed to this Court. For the reasons that follow, we will affirm the grant of summary judgment.

## II.        Jurisdiction and Standard of Review

The District Court had jurisdiction to review the Board's final action pursuant to 22 U.S.C. § 4140(a), 28 U.S.C. § 1331, and 48 U.S.C. § 1612(a). We exercise jurisdiction over the District Court's decision pursuant to 28 U.S.C. § 1291.

We apply *de novo* review of the District Court's decision to grant summary judgment. *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 146 (3d Cir. 2012). Like the District Court, we evaluate the Board's decision using the APA standards incorporated into § 4140(a). *United States v. Paddack*, 825 F.2d 504, 513-14 (D.C. Cir. 1987). Under the APA, we consider whether the Board's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; or "without observance of procedure required by law." 5 U.S.C. 706(2)(A), (C), (D).[3]

---

[3] Beberman argues the District Court erred in giving the Board *Chevron* deference when reviewing its actions. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984). She ignores that the District Court cited and applied the proper standard of review under the APA, which required it to defer to the Board's findings by not substituting "its judgment for that of the agency." JA 7 (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Because we agree with the

## III. Analysis

### a. Employment status while in Washington, D.C.

Upon being denied tenure, Beberman asked for and received temporary interim relief from separation from the Service. She claims that, while receiving interim relief, she remained permanently assigned to Embassy Malabo and was on TDY status while working in Washington, D.C., making her entitled to per diem. Beberman claims her assignment to Embassy Malabo formally ended in October 2016, when SOP D-01 was revised to make her assignment in Washington, D.C. permanent. In claiming she is entitled to retroactive per diem, she asks this Court to reject the Board's finding that she was in Washington, D.C. on interim relief without a formal assignment from April until November 2016. We decline to do so.

Initially, we agree with the District Court that the Board properly found Beberman barred by collateral estoppel from re-litigating whether she remained assigned to Embassy Malabo while on interim relief in Washington, D.C. The Board cited an order in which it had previously found Beberman arrived in Washington, D.C. on "'interim relief' pending separation, with no formal assignment at all" which meant "[t]he Department most certainly did not regard grievant as still officially assigned to Malabo when it issued the Separation Order." JA 38 (citing 2015-035 Order, p.10 n. 13). We conclude that Beberman

---

District Court's assessment of the Board's actions after applying the proper standard of review under the APA, we are not persuaded that any alleged error warrants a remand to the District Court.

has failed to show on appeal that the Board's application of collateral estoppel contravened APA standards.

Aside from being barred, Beberman's claim that she remained assigned to Embassy Malabo while in Washington, D.C. is belied by the record. We agree with the District Court that substantial evidence supports the Board's conclusion that Beberman was on interim relief without assignment and the record provides no indication that she was "temporarily detailed to Washington." JA 13.[4] As a grievant on temporary interim relief, the terms of her employment were governed by SOP D-01, which dictated that she could not receive any of the benefits attributed to a TDY assignment. JA 13 (quoting SOP D-01 (Revised Mar. 2014) at 27). Beberman's claim that she was entitled to per diem from April until November 2016 warrants no relief.

On appeal, Beberman ostensibly concedes she was not temporarily detailed to Washington, D.C. but argues she *should* have been. She claims the Foreign Service, rather than follow SOP D-01, should have placed her on TDY because of the nature of her duties and length of time spent in Washington. Beberman argues the Board was wrong to "essentially approve the Department's policy of treating grievants differently than other [Foreign Service] members by directing them to work in Washington temporarily without a TDY travel order." Appellant's Br. 53.[5] But grievants on interim relief are

---

[4] As the District Court noted, the Board found Beberman was not still assigned to Embassy Malabo when she arrived in Washington, D.C. because she "could not perform her Embassy Malabo duties while in Washington, and noted that the Embassy had taken steps to fill her position prior to her departure." JA 12 (citing the Board's Final Decision at 227).
[5] Beberman acknowledges that the State Department revised SOP D-01 in November 2016 so that employees in her situation – on interim relief following a Separation Order – would

distinguishable from other Foreign Service members and the State Department has the discretion to treat them as such.  *See* 22 U.S.C. § 3981(a)(1).[6]  Beberman has failed to demonstrate that the Board, in finding the State Department acted within its discretion in denying her per diem, acted contrary to the law, abused its discretion, or violated her statutory rights**.**  Accordingly, we will affirm the District Court's grant of summary judgment for the Department.

### b.      Denial of discovery request

Beberman appeals the Board's denial of her discovery request, which came *after* the Department submitted its response to her Grievance Appeal.  She sought to discover how long Foreign Service members on interim relief remain in Washington.  The Board's reasoning for denying the request was two-fold.  First, it found Beberman provided no statutory or regulatory authority entitling her to such discovery at the appellate stage of the proceeding.  Second, it found the information requested to be irrelevant to her claim that she was entitled to per diem.  On appeal, Beberman argues the discovery would have established that the State Department could have predicted that she would be in Washington, D.C. only temporarily and therefore should have "placed her on TDY with

---

be deemed permanently assigned to Washington, and thus entitled to benefits enjoyed by non-grievant Foreign Service members.  But she claims this retroactive permanent assignment "did not make [her] whole" because she was deprived of per diem.  Appellant's Br. 35.

[6] The relevant portion of 22 U.S.C. § 3981(a)(1) states "[t]he Secretary shall designate and classify positions in the Department and at Foreign Service posts which are to be occupied by members of the Service."

per diem, rather than follow SOP D-01." Appellant's Br. 55. The Department followed SOP D-01 because it manages Foreign Service members on temporary interim relief; she was not on TDY because she was no longer assigned to Embassy Malabo. There is no indication in the record that her assignment status was dictated by the length of time she spent in Washington, which renders her discovery request irrelevant. We agree with the District Court that Beberman failed to show the Board's denial of her request contravened APA standards.

### c.    Validity of SOP D-01

On appeal, Beberman argues that the provision of SOP D-01 denying grievants per diem is invalid because it conflicts with Department regulations and federal statutes. The Board found that administrative collateral estoppel prevented Beberman from re-litigating the validity of SOP D-01 because it had "reviewed and decided this issue in previous grievance appeals filed by [her]." JA 44. On appeal, Beberman argues her claim is not subject to collateral estoppel because "there has never been any ruling on [her] entitlement to per diem." Appellant's Br. 60. She concedes, however, that it has been previously decided the Department has the authority to manage grievants on interim relief differently than other Foreign Service members.[7] Her claim that SOP D-01 is invalid because it denies her per diem benefits is insufficient to overcome the "numerous previous orders in which [the Board] held that SOP D-01 was a lawful exercise of power and an appropriate use of

---

[7] As the Secretary of State highlighted on appeal, this Court has held that it was "not persuaded that temporary interim relief from separation entitled Beberman to anything more than what she received." *Beberman v. Sec'y United States Dep't of State*, 789 F. App'x 354, 356 n. 5 (3d Cir. 2020).

the Secretary of State's discretionary authority." JA 15. We agree with the District Court that the Board's conclusion that Beberman was estopped from raising the validity of SOP D-01 was not arbitrary or capricious, did not constitute an abuse of discretion, and was not contrary to the law.

## IV.      Conclusion

For the reasons outlined above, we affirm the District Court's grant of summary judgment in favor of the Secretary of State.